# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**STEVEN ROY CHRISTANELLI,**

    **Plaintiff,**

**v.**                                                                                           **No. 16-cv-0291 SMV**

**NANCY A. BERRYHILL,[1]**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse for Payment of Benefits, or in the Alternative, to Remand for a Rehearing [Doc. 18] ("Motion"), filed on September 20, 2016. The Commissioner responded on November 14, 2016. [Doc. 20]. Plaintiff replied on November 23, 2016. [Doc. 21]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating the opinions of Dr. Morgan, Dr. Blacharsh, and Dr. Cherry. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858. Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council. *See* Tr. 2, 4, 791−824.

undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* either (3) his impairment(s) either meet or equal one of

3

the "Listings"[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**Procedural Background**

Plaintiff applied for supplemental security income on June 21, 2012. Tr. 19. He alleged a disability-onset date of August 25, 2011. *Id.* His claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Ann Farris held a hearing on June 11, 2014. *Id.* Plaintiff appeared with his attorney. *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Mary Diane Weber. Tr. 19, 34–67.

The ALJ issued her unfavorable decision on September 26, 2014. Tr. 28. At step one, she found that Plaintiff had not engaged in substantial gainful activity since he applied for benefits. Tr. 21. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: asthma, an antisocial personality disorder, a post-traumatic stress disorder ("PTSD"), and a major depressive disorder. *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 22–23.

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 23–26. The ALJ found that:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §] 416.967(b) except he should avoid more than moderate levels of pulmonary irritants. He is able to make simple decisions with few workplace changes with no exposure to the public. He can have superficial contact with coworkers. He cannot perform work that requires mathematical calculations.

Tr. 23. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 26. At step five, the ALJ found that, based on Plaintiff's RFC, age, education, and work experience and the testimony of the VE, Plaintiff could perform work that exists in significant numbers in the national economy. Tr. 27. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claim. Tr. 27–28.

After the ALJ denied the claim, Plaintiff submitted additional evidence to the Appeals Council. Tr. 2. The Appeals Council accepted the evidence and made it part of the record. Tr. 2, 4, 791–824. Nevertheless, the Appeals Council found that it "[did] not provide a basis for changing the [ALJ]'s decision" and denied Plaintiff's request for review on March 18, 2016. Tr. 1–5. Plaintiff timely filed the instant action on April 13, 2016. [Doc. 1].

## Analysis

The ALJ failed to apply the correct legal standards in weighing the opinions of Dr. Morgan, Dr. Blacharsh, and Dr. Cherry. They each assessed certain functional limitations resulting from Plaintiff's severe mental impairments. The ALJ committed error by incorporating some of the limitations, but not all, into the RFC assessment without explaining the omissions.

5

Remand is warranted for reevaluation of these opinions pursuant to the correct legal standards. The Court declines to address Plaintiff's other alleged errors at this time.

The ALJ failed to apply the correct legal standards in weighing Dr. Morgan's opinion.

Plaintiff argues that the ALJ erred in failing to incorporate or explain why she did not incorporate certain functional limitations assessed by Dr. Morgan into the RFC. Specifically, Plaintiff argues that the ALJ should have either included (or explained why she did not include) limitations reflecting the following: "difficulty following written instructions, problem-solving, organizing and planning, inability to be consistent and reliable in work habits, difficulty getting along with supervisors, and difficulty tolerating changes in routine and job tasks." [Doc. 18] at 8 (citing Tr. 268–69).

Defendant argues that the RFC assessment is consistent with Dr. Morgan's opinion. [Doc. 20] at 12. For example, the ALJ agreed with Dr. Morgan that Plaintiff suffered from severe PTSD, major depressive disorder, and antisocial personality disorder. *Id.* at 11. Further, the RFC assessment includes a limitation in mathematical ability, which had been assessed by Dr. Morgan. *Id.* at 12. Defendant offers some reasons why a fact-finder might accord Dr. Morgan's opinion less weight. For example, his report was issued prior to Plaintiff's alleged onset date. *Id.* Ultimately, Defendant position is that "any failure to discuss [Dr. Morgan's opinion] does not detract from the substantial evidence supporting the ALJ's decision." *Id.* Plaintiff's challenge, however, does not go to substantial evidence. Plaintiff argues that the ALJ failed to apply the correct legal standard in weighing Dr. Morgan's report.

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. § 416.927(c)). Specifically, when assessing a plaintiff's RFC, an ALJ must explain what weight she assigns to each opinion and why. Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *5 (July 2, 1996). "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)); *see Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (same). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal brackets omitted) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). ALJs are required to weigh medical source opinions and to provide "appropriate *explanations* for accepting or rejecting such opinions." SSR 96-5, 1996 WL 374183, at *5 (emphasis added); *see Keyes-Zachary,* 695 F.3d at 1161 (same) (citing 20 C.F.R. § 416.927(c); SSR 06-03p, 2006 SSR LEXIS 5, at *10–11). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7.

Here, Dr. Morgan opined, *inter alia*, that Plaintiff would have difficulty following written instructions, problem-solving, and organizing and planning; he would be unable to be consistent and reliable in work habits; he would have difficulty getting along with supervisors and

7

tolerating changes in routine and job tasks. Tr. 268–69. The RFC assessment limits Plaintiff as follows: "He is able to make simple decisions with few workplace changes with no exposure to the public. He can have superficial contact with coworkers. He cannot perform work that requires mathematical calculations." Tr. 23. The Court finds that the RFC assessment fails to account for Dr. Morgan's assessed limitations in Plaintiff's ability to be consistent and reliable in work habits and getting along with supervisors. Because the ALJ failed to explain why she declined to incorporate such limitations into the RFC assessment, remand is warranted.

The ALJ failed to apply the correct legal standards
in weighing Dr. Blacharsh's and Dr. Cherry's opinions.

Non-examining psychiatrist Jill Blacharsh, M.D., found Plaintiff to have moderate limitations in several areas, including: the ability to complete a workday without interruptions from psychological symptoms and perform at a consistent pace; the ability to accept instructions from and respond appropriately to criticism from supervisors; and the ability to maintain socially appropriate behavior. Tr. 76. Psychologist Paul Cherry, Ph.D., agreed with Dr. Blacharsh's assessments verbatim. Tr. 89. Plaintiff argues that these limitations are not accounted for in the RFC assessment, which is error because the ALJ gave great weight to the non-examining opinions but failed to explain why she did not include these limitations. [Doc. 18] at 10–12.

Defendant seems to argue that the ALJ was free to ignore Dr. Blacharsh's and Dr. Cherry's assessed limitations if they were recorded on "Section I of the mental RFC assessment." [Doc. 20] at 13. The Court disagrees. An ALJ is required to consider a medical opinion in its entirety. *Silva v. Colvin*, 203 F. Supp. 3d 1153 (D.N.M. 2016). The RFC assessment does not account for all of the limitations assessed by Dr. Blacharsh and Dr. Cherry

even though the ALJ gave their opinions great weight. *See Chapo*, 682 F.3d at 1290 n.3 (finding that a limitation to unskilled work accounted for "issues of skills transfer, not impairment of mental functions—which are not skills but, rather, general prerequisites for most work at any skill level"); *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) ("[T]he ALJ accounted for Vigil's moderate concentration, persistence, and pace problems in his RFC assessment by limiting him to unskilled work. There may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations. But in this case, we conclude that [the RFC assessment was adequate]."). Nor does the ALJ explain the omissions. The Commissioner offers no basis on which the Court can conclude that the ALJ applied the correct legal standards in evaluating Dr. Blacharsh's and Dr. Cherry's opinions. *See* [Doc. 20] at 13–14.

## Conclusion

Remand is warranted for application of the correct legal standards in weighing the medical opinions of Dr. Morgan, Dr. Blacharsh, and Dr. Cherry. Plaintiff fails to show that remand for payment of benefits is appropriate. The Court declines to address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse for Payment of Benefits, or in the Alternative, to Remand for a Rehearing [Doc. 18] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**